IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| WIRELESS MEDIA INNOVATIONS, LLC, § | |
| § | |
| Plaintiff, § | |
| § | 3:14-cv-929-J-32JBT |
| v. § | Civil Action No. _____ |
| § | |
| SSA COOPER LLC, § | |
| § | **JURY TRIAL DEMANDED** |
| Defendant. § | |
| § | |



## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Wireless Media Innovations, LLC ("WMI" or "Plaintiff"), by way of its Complaint against SSA Cooper LLC ("Defendant"), hereby alleges as follows:

### THE PARTIES

1. Plaintiff WMI is a limited liability company organized under the laws of Delaware with a place of business at 1209 Orange Street, Wilmington, Delaware 19801.

2. Upon information and belief, Defendant is a limited liability company organized under the laws of Delaware with its principal place of business at 1131 SW Klickitat Way, Seattle, Washington, 98134 and a registered agent at NRAI Services, Inc., 1200 South Pine Island Road, Plantation, Florida, 33324.

### JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code. WMI seeks remedies for Defendant's infringement of WMI's U.S. Patent Nos. 6,148,291 and 5,712,789 ("the Patents-in-Suit").

4. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over Defendant by virtue of, inter alia, its presence in Florida, having conducted business within the State of Florida and this Judicial District, and having engaged in systematic and continuous contacts with the State of Florida, and maintaining a place of business in Florida.  On information and belief, Defendant regularly conducts business in this Judicial District and has purposefully used infringing methods and/or services, thereby performing acts of patent infringement at its Talleyrand Terminal facility in the Jacksonville Port.

6.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

## BACKGROUND

7.      On November 14, 2000, United States Patent No. 6,148,291 ("the '291 Patent"), entitled "CONTAINER AND INVENTORY MONITORING METHODS AND SYSTEM," was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '291 Patent is attached as Exhibit A to this Complaint.

8.      On January 27, 1998 United States Patent No. 5,712,789 ("the '789 Patent"), entitled "CONTAINER MONITORING SYSTEM AND METHOD," was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '789 Patent is attached as Exhibit B to this Complaint.

9.      WMI is the assignee and owner of the right, title, and interest in and to the Patents-in-Suit, including the right to assert all causes of action arising under the Patents-in-Suit and the right to any remedies for infringement thereof.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,148,291

10.     WMI realleges and incorporates by reference the allegations of paragraphs 1 through 9 of this Complaint as though fully set forth herein.

11. Defendant uses at least one terminal operating system and operative methods associated therewith to monitor the locations and load statuses of containers at its Talleyrand Terminal facility at the Jacksonville Port.

12. At least by Defendant's monitoring of the containers and trailers, Defendant has infringed and continues to infringe one or more claims of the '291 Patent, either literally or under the doctrine of equivalents, by using infringing systems and methods, without authorization, in the United States in violation of 35 U.S.C. § 271, including, but not limited to, 35 U.S.C. § 271(a).

13. The infringement of the '291 Patent by Defendant has caused and continues to cause damage to WMI in an amount to be determined at trial.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 5,712,789

14. WMI realleges and incorporates by reference the allegations of paragraphs 1 through 13 of this Complaint as though fully set forth herein.

15. Defendant uses at least one yard management system and operative methods associated therewith to monitor the locations and load statuses of containers at its Talleyrand Terminal facility at the Jacksonville Port.

16. At least by Defendant's monitoring of the containers and trailers, Defendant has infringed and continues to infringe one or more claims of the '789 Patent, either literally or under the doctrine of equivalents, by using infringing systems and methods, without authorization, in the United States in violation of 35 U.S.C. § 271, including, but not limited to, 35 U.S.C. § 271(a).

17. The infringement of the '789 Patent by Defendant has caused and continues to cause damage to WMI in an amount to be determined at trial.

## JURY DEMAND

18. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, WMI demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, WMI respectfully demands judgment for itself and against Defendant as follows:

a. An adjudication that Defendant has directly infringed one or more claims of each of the Patents-in-Suit pursuant to 35 U.S.C. § 271(a);

b. An adjudication requiring Defendant to pay WMI damages adequate to compensate WMI for its past infringement and any continuing or future infringement of the Patents-in-Suit through the date such judgment is entered, costs, expenses, and pre-judgment and post-judgment interest;

c. An adjudication that WMI's Patent Infringement case is an exceptional case, and awarding WMI attorneys' fees pursuant to 25 U.S.C. § 285;

d. An accounting of all infringing acts including, but not limited to, those acts not presented at trial and an award of WMI's damages for any such acts; and

e. Such other and further relief at law or in equity as the Court deems just and proper.

Dated: August 5, 2014

HILL, RUGH, KELLER & MAIN, P.L.

_____
Christopher T. Hill
Florida Bar No. 0868371
390 N. Orange Avenue, Suite 1610
Orlando, Florida 32801
Telephone: (407) 926-7460
Facsimile: (407) 926-7461
Email: chill@hrkmlaw.com

*Attorneys for Plaintiff,*
*Wireless Media Innovations, LLC*